375 Mich. 559 (1965)
134 N.W.2d 753
In re FISHER-NEW CENTER COMPANY.
CITY OF DETROIT
v.
STATE TAX COMMISSION.
Calendar No. 65, Docket No. 50,802.
Supreme Court of Michigan.
Decided May 11, 1965.
Robert Reese, Corporation Counsel, John H. Witherspoon and Julius C. Pliskow, Assistant Corporation Counsel, for appellant city.
*561 Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, T. Carl Holbrook and William D. Dexter, Assistant Attorneys General, for appellee State Tax Commission.
David M. Miro and Honigman Miller, Schwartz & Cohn (Jason L. Honigman and John Sklar. of counsel), for intervening appellee Fisher-New Center Company.
PER CURIAM:
The order of appellee Michigan State tax commission dated January 6, 1964, is vacated. The commission's record is remanded for further hearing and new determination of the taxpayer's appeal in the light of Pavilion Apartments, Inc., v. State Tax Commission, 373 Mich 601, and Titus v. State Tax Commission, 374 Mich 476.
T.M. KAVANAGH, C.J., and BLACK, SOURIS, SMITH, and ADAMS, JJ., concurred.
O'HARA, J. (dissenting).
In view of the excerpts from the record which I feel obligated to quote, I do not believe remand "in the light of" Pavilion[1] and Titus[2] is adequate disposition hereof. By this I mean such disposition does not make clear in what specific regard the holding in either or both of these cases has not been followed by the State tax commission.
I.
The Pavilion rule deals with the statutory obligation to make available commission records to parties involved in appeals that body. In this case the record is not clear whether the commission arbitrarily refused certain records, or whether the commission regarded the request therefor by appellant *562 city as unreasonably made. Neither is it clear whether if access to commission records were refused, it was for the reason that the commission understood the intervening taxpayer had made, or was going to make, the same records available at the hearing held on November 7, 1963:
"Mr. Pliskow [for appellant city]: Mr. Chairman. I wish to file the original of a request which you may have already seen inasmuch as I mailed a copy to this office late yesterday and had a copy delivered by messenger to the attorney for the taxpayer, and Mr. Harold Berry has acknowledged having received a copy of the same request. * * *
"Commissioner Barr: Now, as far as the request is concerned the commission has considered this was received by us on the morning of the hearing and the request is denied, the record may show that.
"Mr. Pliskow: May I state for the city and all of its residents and taxpayers, and on behalf of myself as an individual taxpayer, that I consider the determination of the commission in this ruling as a violation of our constitutional rights and the denial of our rights under the statutes. I'd like the reference to the specific statute read into the record, being: Section 5, PA 1927, No 360, this is CL 1948, § 209.105 (Stat Ann 1960 Rev § 7.635).
"Commissioner Barr: The record shows, as I understand it, you concede this request was received by the commission this morning. This is about six months since the inception of the appeal, so the record will be clear that the city has had every opportunity to request these instruments months ago and many of these items requested in here are not required to be disclosed by the commission and will not be disclosed to the city.
"Mr. Pliskow: Well, I assume that the commission understands that the reason for our doing this is the failure of the taxpayer to reply to our letter of November 1st.
*563 "Commissioner Barr: Why have you waited until November 1st to request this information?
"Mr. Pliskow: We just received notice of the hearing a week ago.
"Commissioner Barr: It's been scheduled for a hearing for months.
"Mr. Pliskow: Well, we just received a notice of the hearing itself, of the hearing date." (Emphasis supplied.)
A reading of the foregoing colloquy indicates to me that the commission made a 2-fold ruling, first that the request of appellant city was unreasonably made and secondly, that part of the data sought was not required to be disclosed. I have no way of knowing which of the items specified in the city's request fell into the second category.
Further in the early stages of the hearing the following transpired:
"Commissioner Barr: All right, the taxpayer [may proceed].
"Mr. H. Berry: I believe what we would just desire to do is hit the high spots of the presentation we have made in writing. The way we look at this is from the three main approaches to value: market, economic and physical. We feel if you take and analyze any one of the three that the property is highly overassessed. Number One, from the market approach, the record will show, and I have got a copy of our purchase agreement here with us today in case the city want to see it.
"Commissioner Barr: Well, I think that is one of the items that they requested. I think they should be allowed to examine it. (Mr. H. Berry extending papers.)" (Emphasis supplied.)
Again, it is unclear just exactly what the commission was ruling. It certainly appears as to the agreement the commission was making it available to appellant.
*564 In my view it was the burden of the appellant city to make crystal clear just what was refused it and to preserve properly the claimed resulting denial of administrative due process. Absent such affirmative action I believe the claim of express waiver by the city is fortified by constructive waiver in its failure to preserve the ground of appeal. That the commission was confused by appellants's position appears in this ruling:
"Commissioner Barr: Do you want to make exhibits of any of those? Of course these items that you have submitted in your complaint are part of the file. If there is anything else that hasn't been submitted and should be, why you should make them exhibits.
"Mr. H. Berry: Of course we don't know what your files have.
"Commissioner Barr: Well, I would suggest, Mr. Pliskow, if you want to examine these things that you'd better clarify what they are and then we will  they have stated that you can examine them  then we will make them available.
"Mr. Pliskow: Well, all right, I agree with you, Mr. Chairman." (Emphasis supplied.)
II.
Now as to the claimed violation of the uniformity rule[3] of Titus, supra, the intervening taxpayer summed up the appellee commission's use of the factor of an arm's length sale price of the involved property:
"Mr. H. Berry: Very briefly I think that we respect Mr. Thomas' [the city's expert] knowledge and he is a real gentleman and we don't hold ourselves out to be experts in the way he constructs these formulae, et cetera. However, having worked once *565 in a while with very complicated suggestions I think some of us recognize that you can sometimes use a detailed formula. In his case he's got the challenge of uniformity and he gets involved in very complicated formulae, yet when you get all done you have to apply as a yardstick that is understandable by people and practical business people  business men, and when we apply the yardstick we come up with an absurdity.
"In other words, the fact that this property, all the properties in the city, all the major properties in the city are assessed for way more than what the market price was in an arm's length transaction, and this is after all a good measure of the truth of the market place, and therefore again with due respect to the scientific approach here we feel it does not do justice and we feel that the comparisons show it."
Surely we do not by our unspecified direction to abide by the rule in Titus mean to suggest that the commission was prohibited in its review from considering a recent bona-fide sale as a factor in determining taxable value.
It is my conclusion from a careful reading of the whole record that even if we reverse for the commission's failure to disclose or furnish data as required by Pavilion, the result reached is unassailable under any existing precedent defining the limit of judicial review of commission action. It is this point that is stressed heavily by intervening appellee-taxpayer, and irrespective of the finding as to technical (if any) violation of the rule in Pavilion, the error (if any) is harmless and in no way prejudicial to appellant city. For that reason, I cannot join in my Brother's order of remand as here made.
I would affirm the commission, and allow no costs.
DETHMERS and KELLY JJ., concurred with O'HARA, J.
NOTES
[1] Pavilion Apartments, Inc., v. State Tax Commission, 373 Mich 601.
[2] Titus v. State Tax Commission, 374 Mich 476.
[3] Const 1908, art 10, § 3.